# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 8, 2004 Session

## IN RE: A.T.S

**Appeal from the Chancery Court for Dickson County**
**No. 7984-02      Robert E. Burch, Judge**

---

**No. M2004-01904-COA-R3-PT -** Filed January 28, 2005

---

WILLIAM B. CAIN, J., concurring

Adhering to my longstanding view that a clear and convincing evidence standard is totally incompatible with a preponderance of the evidence standard both at the trial level and on appeal, I disagree with a portion of majority opinion dealing with such issue.

After correctly stating the clear and convincing evidence rule, the majority opinion states, "it is under this heightened standard of review that we must review the trial court's findings, in accordance with Tennessee Rule of Appellate Procedure 13(d) which directs that appellate review of non-jury cases is de novo upon the record, accompanied by a presumption of correctness, unless the evidence preponderates against the trial court's factual findings."

For reasons stated at length in *Estate of Acuff v. O'Linger* 56 S.W. 3d 527, 533-37 (Tenn.Ct.App. 2001), perm. app. denied (Tenn. October 1, 2001) and reiterated in In Re: Z.J.S. M2002-02235-COA-RJ-JB, 2003 WL 21266854 at *18-22 (Tenn.Ct.App. 2003). ( No Tennessee Rule of Appellate Procedure 11 application filed.), I do not agree with such analysis.

As we said in *Acuff v. O'Linger* quoting from *Taylor v. Commissioner of Mental Health,* 481 A. 2d 139 (Me.1984) " '. . . the policies that motivated the imposition of the 'clear and convincing evidence' standard apply with equal force at both the fact finding and the appellate stages . . .' " 56 S.W.3d 527 at 536 (Tenn. Ct. App.2001). Thus, it is the underlying facts of the case themselves that must be established to the satisfaction of the trial court as finder of fact by clear and convincing evidence and not conclusions drawn from facts which are established by only a preponderance of the evidence. The two standards simply cannot co-exist. *See Riley Hill, general contractor v. Tandy Corporation* 737 P.2d 595, 604 (Ore.1987) and *Estate of Acuff v. O'Linger* 56 S.W.ed 527, 535 (Tenn.Ct.App. 2001). Efforts to reconcile the "preponderance of the evidence" provisions of Tennessee Rule of Appellate Procedure 13(d) with the requirements of the clear and convincing evidence standard are futile and the standard of appellate review is exactly the same as the standard applicable to the trial court as finder of fact. Those facts must be established by the finder of fact

to be "highly probable" as held in *Colorado v. New Mexico* 467 U.S. 310 104 Sup. Ct. 2433 and 81 L. ed.2d 247 (1984).

I disagree with the assertion in foot note 13 of In re: S.M. 149 S.W.2d 632 at 640 (Tenn.Ct.App. 2004) that either *In re: Valentine* 79 S.W.3d at 548-49 or *Jones v. Garrett* 92 S.W.3d at 838 the Supreme Court approves the statement first appearing in *Ray v. Ray* 83 S.W.3d 726, 733 (Tenn.Ct.App. 2001) that "in cases such as the one before us, we will review the trial court's specific findings of fact in accordance with Tennessee Rule of Appellate Procedure 13(d). Accordingly, the trial court's findings of fact will be presumed to be correct unless the evidence preponderates otherwise. Then we will determine whether the facts, as found by the trial court, clearly and convincingly establish that a child will be exposed to a risk of substantial harm if she is placed in a biological parent's custody."

I believe the duty of this court on appeal is to determine whether or not the facts themselves as found by the trial court are in fact supported by clear and convincing evidence to the point that they are "highly probable".

Since I agree that the evidence in this case does not clearly and convincingly establish that termination of the parental rights of the mother is in the best interest of the child, I concur in the judgment.

_____

WILLIAM B. CAIN, JUDGE
